**IN UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| East Coast Entertainment of Durham, LLC, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 20-cv-6551 |
| v. | ) ) | Judge Joan B. Gottschall |
| Houston Casualty Co. and American Claims Management Inc., | ) ) ) | |
| Defendants. | ) ) | |

## <u>ORDER</u>

Plaintiff East Coast Entertainment, LLC ("East Coast"), owns several movie theaters in North Carolina. Compl. ¶ 15, ECF No. 1-1. Beginning in March 2020, civil authorities in North Carolina, including the governor, issued a series of lockdown orders culminating in the closure of entertainment venues. *See* Compl. ¶¶ 3, 39–48. East Coast submitted a claim under its commercial liability insurance policy seeking reimbursement for business losses, but its claim was denied. Compl. ¶¶ 7–8, 62–63. Plaintiff filed this suit against its insurer, Houston Casualty Co., and claims administrator, American Claims Management Inc. (collectively "defendants"), seeking a declaratory judgment that its losses are covered and asserting statutory and common law claims premised on defendants' bad faith denial of coverage. *See* Compl. ¶¶ 64–88. Defendants move to dismiss the complaint for failure to state a claim, arguing that plaintiff has not alleged a "direct physical loss" as required by the applicable policy. Mem. Supp. Mot. to Dismiss ("Defs.' Mem.") at 1–2, ECF No. 12.

### Motion to Dismiss Standard

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.* (quoting *Twombly*, 550 U.S. at 557). In assessing the complaint's sufficiency, the court accepts all well-pleaded facts in the complaint, but not legal conclusions, as true and draws reasonable inferences in the plaintiff's favor. *Id.* (citing *Twombly*, 550 U.S. at 555).

Plaintiff attached the insurance policy at issue to the complaint and referenced the policy in the complaint. *See* Compl. ¶¶ 1, 17–25; Policy, ECF No. 1-1 at PageID Nos. 27–169. The policy may therefore be considered without converting defendants' Rule 12(b)(6) motion to a summary judgment motion. *See* Fed. R. Civ. P. 10(c); *Williamson v. Curran*, 714 F.3d 432, 436–37 (7th Cir. 2013).

### The Insurance Policy

East Coast relies on clauses in its commercial insurance policy covering loss of business income, extra expenses, and losses due to the actions of civil authorities. Compl. ¶ 19. The dispute here concerns the requirement of a "direct physical loss," which all parties agree is required for coverage. *See* Compl. ¶¶ 20, 23–24. Each of the coverage provisions East Coast invokes requires "direct physical loss or damage to property." *See* Compl. ¶¶ 20, 23–24 (quoting Policy at PageID Nos. 76–77, 79). For instance, the business income coverage provides:

> We will pay the actual loss of Business Income you sustain due to the necessary "suspension" of your "operations" during the "period of restoration." The "suspension" must be caused by direct physical loss of or damage to property at

premises that are described in the Declarations and for which a Business Income Limit of Insurance is shown in the Declarations.

Policy at PageID No. 76.

## Choice of Law

A federal court sitting in diversity applies the choice of law rules of the state where the court sits, here Illinois. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496–97 (1941); *Gunn v. Cont'l Cas. Co.*, 968 F.3d 802, 808 (7th Cir. 2020). In Illinois "[t]he party seeking the choice-of-law determination bears the burden of demonstrating a conflict." *Sosa v. Onfido, Inc.*, 8 F.4th 631, 637 (7th Cir. 2021) (citing *Bridgeview Health Care Ctr., Ltd. v. State Farm Fire & Cas. Co.*, 2014 IL 116389, ¶ 14). The parties agree that North Carolina law governs East Coast's claims. However, they primarily frame their arguments under Illinois law. *See* Defs.' Mem. at 7–8; Resp. to Mot. to Dismiss ("Resp.") at 2–3, ECF No. 17. East Coast "believes that the outcome should not differ whether Illinois or North Carolina law applies because the law of both jurisdictions supports finding coverage here." Resp. at 2–3. But East Coast adds that "to the extent Illinois law (as argued by Defendants) may not support coverage, it is clear that North Carolina law does." *Id.* Because the parties primarily litigate the issues under Illinois law, the court analyzes Illinois law first and then turns to the question of whether East Coast has carried its burden to show an outcome-determinative conflict between Illinois and North Carolina law.

## Analysis

As the numerous notices of supplemental authority attest, in the last year many courts have grappled with the coverage question presented here. *See, e.g.*, ECF Nos. 19–34. The dispositive question is whether the requirement of direct physical loss or damage to the insured property includes plaintiff's economic losses resulting from COVID-19 lockdown orders.

The Seventh Circuit has not yet rendered a decision in a COVID-19-related insurance coverage dispute. Because this court's jurisdiction is based on the parties' diverse citizenship, *see* 28 U.S.C. § 1332(a), (d), this "court's task in applying state law is to determine how the state's highest court would rule and, where a state's courts have yet to address the question, to examine the law in other jurisdictions to discern the probable direction of the state law at issue." *Alonso v. Weiss*, 932 F.3d 995, 1003 (7th Cir. 2019) (citing *In re Zimmer, NextGen Knee Implant Products Liab. Litig.*, 884 F.3d 746, 751 (7th Cir. 2018)). The parties cite no controlling cases decided by the Illinois Supreme Court nor any decision of the Illinois appellate court in a COVID-related coverage dispute. This court knows of no such decisions.

Settled general rules govern the construction of insurance contracts in Illinois. *W. Bend Mut. Ins. Co. v. Krishna Schaumburg Tan, Inc.*, 2021 IL 125978, ¶ 32 (citing *Sanders v. Ill. Union Ins. Co.*, 2019 IL 124565, ¶ 22). "The primary function of the court in construing contracts for insurance is to ascertain and give effect to the parties' intent as expressed in the insurance contracts." *Id.* (citing *Sanders*, 2019 IL 124565, ¶ 22–23). Courts must give "clear and unambiguous" terms of an insurance contract "their plain and ordinary meaning." *Id.* (citations omitted). "Conversely, if the terms are susceptible to more than one meaning, they are considered ambiguous and will be construed strictly against the insurer who drafted the contract." *Id.* (citing *Am. States Ins. Co. v. Koloms*, 87 N.E.2d 72, 75 (Ill. 1997)). With these principles in mind, this court looks to nonbinding, persuasive authority to determine how the Illinois Supreme Court would likely rule on the coverage question presented here. *See Alonso*, 932 F.3d at 1003; *Stephan v. Rocky Mountain Chocolate Factory, Inc.*, 129 F.3d 414, 417 (7th Cir. 1997); *see also State ex rel. Leibowitz v. Fam. Vision Care, LLC*, 2020 IL 124754, ¶ 74

("[L]ower federal court decisions are not binding on Illinois courts but may be considered persuasive authority." (citation omitted)).

The vast majority of courts in Illinois and around the country to have considered the question have concluded that under a plain and ordinary meaning analysis the phrase "physical loss or damage to property" does not extend coverage to purely economic losses caused by COVID-related business shutdown orders. *See, e.g.*, *L&J Mattson's Co. v. Cincinnati Ins. Co., Inc.*, — F. Supp. 3d —, 2021 WL 1688153, at *4–6 (N.D. Ill. Apr. 29, 2021); *Chief of Staff LLC v. Hiscox Ins. Co. Inc.*, — F. Supp. 3d —, 2021 WL 1208969, at *2–6 (N.D. Ill. Mar. 31, 2021); *Bend Hotel Dev. Co., LLC v. Cincinnati Ins. Co.*, 515 F. Supp. 3d 854, 857–58 (N.D. Ill. 2021), *appeal dismissed,* 2021 WL 4058013 (7th Cir. Apr. 2, 2021); *Sandy Point Dental, PC v. Cincinnati Ins. Co.*, 488 F. Supp. 3d 690, 693–94 (N.D. Ill. 2020), *reconsideration denied,* 2021 WL 83758 (Jan. 10, 2021). A minority of cases hold the phrase "physical loss or damage to property" (or a very similar phrase) to be ambiguous and resolve the ambiguity in favor of coverage. *See, e.g.*, *Derek Scott Williams PLLC v. Cincinnati Ins. Co.*, — F. Supp. 3d —, 2021 WL 767617, at *4–5 (N.D. Ill. Feb. 28, 2021); *In re Soc'y Ins. Co. COVID-19 Bus. Interruption Prot. Ins. Litig.*, — F. Supp. 3d —, 2021 WL 679109, at *8–10 (N.D. Ill. Feb. 22, 2021), *motion to certify appeal denied,* 2021 WL 2433666 (N.D. Ill. June 15, 2021).

Having considered the many cases cited by the parties, this court finds the reasoning of the cases adopting the majority view persuasive. The United States Court of Appeals for the Eighth Circuit's decision in *Oral Surgeons, P.C. v. Cincinnati Insurance Co.*, 2 F.4th 1141 (8th Cir. 2021), apparently the only appellate decision to date on this issue, encapsulates the majority view. *See also Gilreath Family & Cosmetic Dentistry, Inc. v. Cincinnati Ins. Co.*, — Fed. Appx. —, 2021 WL 3870697 (11th Cir. Aug. 31, 2021) (per curiam). Applying state law

5

principles consistent with the Illinois law discussed above, the *Oral Surgeons* court held that the phrase "physical loss or damage to property" is unambiguous. 2 F.4th at 1143–45. Under a plain and ordinary meaning analysis, the court held this phrase requires "some physicality to the loss or damage of property—*e.g.*, a physical alteration, physical contamination, or physical destruction" to trigger coverage. *Id.* at 1144 (citations to cases and insurance law treatise omitted). The Eighth Circuit affirmed the dismissal of the complaint because the plaintiff "pleaded generally that [it] suspended non-emergency procedures due to the COVID-19 pandemic and the related government-imposed restrictions," which was not a physical alteration of property. *Id.* at 1145.

This court does not find the insurance policy here, ECF No. 1-1 at PageID Nos. 27–169, to be ambiguous for the reasons given in *Oral Surgeons* and the majority of federal district courts. Additionally, the majority view accords with the Illinois Supreme Court's decision construing the similar phrase "physical injury to tangible property" in *Travelers Insurance Co. v. Eljer Manufacturing., Inc.*, 757 N.E.2d 481 (Ill. 2001). Finding no ambiguity in this phrase, the Illinois Supreme Court held that "under its plain and ordinary meaning, the term 'physical injury' unambiguously connotes damage to tangible property causing an alteration in appearance, shape, color or in other material dimension." *Id*. at 502. Illinois's highest court also explicitly stated that "under its plain and ordinary meaning, the phrase 'physical injury' does not include intangible damage to property, such as economic loss." *Id.*; *see also Image Dental, LLC v. Citizens Ins. Co. of Am.*, 2021 WL 2399988, at *6 (N.D. Ill. June 11, 2021).

North Carolina's general rules for construing insurance contracts appear to be substantially identical to Illinois's. *See Accardi v. Hartford Underwriters Ins. Co.*, 838 S.E.2d 454, 456–57 (N.C. 2020). East Coast cites one case to support its argument that North Carolina's

Supreme Court would resolve the coverage question here differently.  Resp. at 2.  The decision is an order granting summary judgment issued by a North Carolina trial court.  After surveying dictionary definitions of the words "direct" and "physical," the North Carolina trial court concluded that the requirement of "direct physical loss or damage" was ambiguous and found that the ambiguity should be construed against the insurer.  *See North State Deli, LLC v. Cincinnati Ins. Co.*, No. 20-CVS-02569, slip op. at 5-6 (N.C. Superior Ct. Oct. 9, 2020), (docketed in No. 20-cv-6551, ECF No. 17-12 (N.D. Ill.)).

The only other North Carolina case the parties have brought to this court's attention, a federal district court case applying North Carolina law, reached a contrary conclusion under a plain meaning analysis.  *See Summit Hosp. Grp., Ltd. v. Cincinnati Ins. Co.*, 2021 WL 831013, at *3-4 (E.D.N.C. Mar. 4, 2021), *appeal docketed* No. 21-1362 (4th Cir. Apr. 2, 2021).  This court finds *Summit Hospital Group* to be the more persuasive of the two cases because it relies on North Carolina appellate cases not cited in the *North State Deli* decision.  *See id.*  In one case on which the *Summit Hospital Group* court relied, the North Carolina Court of Appeals held that a business interruption coverage provision that required physical loss or damage to property did "not cover all business interruption losses, but only those losses requiring repair, rebuilding, or replacement."  *Harry's Cadillac-Pontiac-GMC Truck Co. v. Motors Ins. Corp.*, 486 S.E.2d 249, 252 (N.C. App. 1997).  As this holding is consistent with Illinois cases requiring physical alteration of property, and in the absence of any further analysis of North Carolina law from the parties, this court has been furnished no basis for concluding that North Carolina's insurance law is materially different from Illinois's with respect to the coverage issue raised here.

The complaint in this case includes no well-pleaded allegations of physical alteration of plaintiff's properties.  *See* Compl. ¶¶ 26–28, 50–61.  Nor does plaintiff plausibly allege that

COVID-19-causing virus particles have physically altered its properties. *See* Compl. ¶¶ 29–38; *see also Bend Hotel Dev.*, 515 F. Supp. 3d at 857 (distinguishing *Studio 417, Inc. v. Cincinnati Ins. Co.*, 478 F. Supp. 3d 794, 799–800 (W.D. Mo. 2020), for this reason). Rather, as in *Oral Surgeons*, plaintiff has generally alleged economic losses caused by pandemic-related lockdown orders. Because those are not losses covered by plaintiff's insurance policy, defendants' motion to dismiss the complaint is granted.[1]

Dated: September 23, 2021

/s/
Joan B. Gottschall
United States District Judge

---

1   As East Coast tacitly acknowledges in its response, *see* ECF No. 17 at 14–15, its claims for bad faith denial of coverage rise and fall with the coverage determination. Since the complaint fails to state a claim for coverage, counts II and III must be dismissed. *See Topsail Reef Homeowners Ass'n v. Zurich Specialties London, Ltd.*, 11 F. App'x 225, 239 (4th Cir. 2001) (per curiam) (statutory bad faith claim against insurer and claims adjuster requires coverage reasonably to be in dispute); *Michael Borovsky Goldsmith LLC v. Jewelers Mut. Ins. Co.*, 359 F. Supp. 3d 306, 314 (E.D.N.C. 2019) ("Legitimate and honest disagreement over the scope of coverage under an insurance contract does not amount to bad faith.").